■ TROY SAND & GRAVEL COMPANY, INC., Appellant, v RENSSELAER COUNTY, Respondent. [652 NYS2d 651] —Crew III, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered September 29, 1995 in Rensselaer County, which denied plaintiff's motion for summary judgment.

Plaintiff operates a sand and gravel mine located in the Town of Schaghticoke, Rensselaer County. The entrance to the mine is located on River Road which, in turn, provides the most

direct access to State Route 67. In 1989, defendant posted River Road with 10-ton weight limit signs in such a fashion as to require plaintiff's drivers to use Allen Road to gain access to Route 67. In response thereto, plaintiff commenced this declaratory judgment action seeking an exemption from the posting pursuant to Vehicle and Traffic Law § 1650 (a) (4-a). Following joinder of issue, plaintiff moved for summary judgment and defendant cross-moved for similar relief. On appeal from the denial of plaintiff's motion for summary judgment, we held that plaintiff's entitlement to an exemption from the posting turned upon whether plaintiff's trucks could safely use Allen Road as an alternate means of access to Route 67, and we remitted the matter to Supreme Court to resolve that factual issue (*see*, 198 AD2d 646, *lv dismissed* 83 NY2d 1000).

In the interim, similar weight limits were posted on Allen Road. Plaintiff then brought the instant motion for summary judgment, contending that Allen Road was not safe for truck traffic and, further, in view of the aforementioned posting, Allen Road no longer was a viable alternate route and, hence, plaintiff was entitled to an exemption from the River Road posting pursuant to Vehicle and Traffic Law § 1650 (a) (4-a). Supreme Court denied plaintiff's motion and this appeal ensued.

We affirm. Initially, we note that the conflicting affidavits presented by plaintiff's secretary and defendant's engineer raise a question of fact as to the condition of Allen Road and its suitability for truck traffic. As to the actual posting of Allen Road, although Vehicle and Traffic Law § 1650 (a) (4-a) vests a county superintendent of highways with the authority to, *inter alia*, impose weight limit restrictions upon county roads, the statute requires that such action be accomplished by "order, rule or regulation". Simply stated, there is no proof in the record before us that the posting at issue here was undertaken in such a fashion. Thus, although plaintiff argues that a legislative enactment, i.e., the decision to post a particular road, is entitled to a presumption of validity, the merits of this argument need not detain us because there is no evidence of any legislative act in the first instance. Moreover, the record suggests that Allen Road is a Town, as opposed to a County, road and, further, that the posting thereof was not undertaken by defendant's Superintendent of Highways. Hence, the posting on its face does not appear to be authorized by Vehicle and Traffic Law § 1650 (a) (4-a). Under such circumstances, it cannot be determined, as a matter of law, that Allen Road is no longer a viable alternate route and, therefore, Supreme Court properly denied plaintiff's motion for summary judgment. We

have examined plaintiff's remaining contentions and find them to be lacking in merit.

Mercure, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.